CLERK'S OFFICE
COURT E.D.N.Y.
JAN 0 7 2015
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 14-CR-332 |
| – against – | Statement of Reasons for Sentencing Pursuant to 18 U.S.C. § 3553(c)(2) |
| DANIEL FLOREZ PARRA, | |
| Defendant. | |



**JACK B. WEINSTEIN, Senior United States District Judge:**

## Table of Contents

I.   Introduction ............................................................................................................. 1
II.  Offense Level and Category ..................................................................................... 2
III. Law ........................................................................................................................... 2
IV.  18 U.S.C. § 3553(a) Considerations ......................................................................... 3
V.   Sentence .................................................................................................................... 3
VI.  Conclusion ................................................................................................................ 4

### I. Introduction

On August 27, 2014, Daniel Florez Parra pled guilty to one count of illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a).

On December 16, 2014, Mr. Florez Parra was sentenced to time served and a supervised release term of three years. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with section 3553(a) of Title 18. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level and Category

The total adjusted offense level is 13. The criminal history category is II, yielding a guidelines imprisonment range of 15–21 months.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of Title 18, the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of Title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in

2

incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant" in sentencing him. 18 U.S.C. § 3553(a)(1). Mr. Florez Parra is a 34-year old citizen of Columbia with a high school degree. He grew up in an in-tact, middle income family until his father was murdered in 1987. He was then brought up by his paternal grandparents.

Mr. Florez Parra and his partner have a five-year old daughter. He has helped raise his partner's child for approximately twelve years and he also an eight-year old daughter with a previous partner who resides in New York; he paid child support to the child's mother prior to his arrest.

After deportation following commission of an aggravated felony in the United States, Mr. Florez Parra illegally reentered the country to reunite with his current partner and their daughter, who were residing in the United States. In April 2014, he was arrested.

## V. Sentence

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. Deportation was considered in the sentencing. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014).

3

Mr. Florez Parra was sentenced to time served of almost seven months. A $100 special assessment was imposed. 18 U.S.C. § 3013. It is payable forthwith. No fine was levied and no restitution was ordered because Mr. Florez Parra has no substantial assets and is unlikely to possess assets in the future. He was sentenced to a supervised release term of three years, U.S.S.G. § 5D1.2(a)(2), under conditions specified orally at sentencing. The supervised release need not be active, given that Mr. Florez Parra will be deported to Columbia.

The government is requested to return to Mr. Florez Parra the personal effects that were taken when he was arrested.

## VI. Conclusion

General and specific deterrence are achieved by the sentence imposed, and all elements of the Sentencing Guidelines and statutes have been considered. Mr. Florez Parra will be deported. It is unlikely he will attempt to return. He has plans to reside in Columbia and work in his mother's store. His partner and five-year old daughter plan to return to Columbia to live with him.

Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of Title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: December 16, 2014
       Brooklyn, New York